FILED 20 FEB 10 16:28USDC-ORM

Jose Velez
3936 S Semoran Blvd #317
Orlando, FL 32822
Tel.: (407) 456-4880
Fax Number: n/a
Email: jvelez2@protonmail.com
Plaintiff *In Propria Persona*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSE VELEZ, ) | CASE #: 1:19-cv-01489-AA |
|     Plaintiff, ) | |
| vs. ) | **DECLARATION BY PLAINTIFF IN** |
| ) | **SUPPORT OF RESPONSE TO** |
| NOHO'S MEDFORD, INC., ARA SAHELIAN,) | **DEFENDANT'S MOTION TO DISMISS** |
| Does 1-10, inclusive. ) | |
|     Defendant(s) ) | |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Jose Velez, under penalty of perjury declare:

1. I am the Plaintiff in Civil No. 19-1489 (AA) before the U.S. District Court for the District of Oregon.

2. My body mass index (BMI) is approximately 44.4.

3. The additional weight on my frame makes it more difficult for me, well outside the normal range, to engage in the major life activities of walking, standing, bending, kneeling, stooping, lifting, carrying, maintaining strength and mobility, maintain balance. The additional weigh also causes him abnormal gait patterns, increased incidence of muscle weakness and pain. Because of this, I own and

frequently use a cane. Because of the extent of my mobility-related limitations, I also rent a motorized scooter when I know that I will be unable to have a seat for a prolonged time, i.e. visiting a shopping center or a theme park.

4. I am able and willing to testify at trial as to the following matters, among others:

   a. The difficulties I faced while at the tables, restroom, and counter at Defendant's restaurant.

   b. The encountered difficulties at the restroom, counter, or tables and what form those difficulties took.

   c. Counters. How a high makes it more difficult (not impossible) for me to sign a receipt while maintaining balance; and why a lowered, ADA-compliant counter is useful given my specific mobility-related limitations.

   d. Movable tables. How a non-compliant, small space and protruding obstructions below the tables, make it more difficult (but not impossible) for me use the tables and chairs.

   e. Restroom. How properly installed rear and side grab allow me to safely get up or down from the toilet given my additional weight on my frame.

5. When Defendants brought their factual challenge about the nature and extent of my disability, I made to two proposals: (i) I informed that I would be available at this procedural stage for a medical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure and; (ii) I invited the opposing party counsel to confer in-person. There was no answer to my first proposal (the medical

examination). The second proposal (in-person meeting) was rejected.

6. The images submitted by the defendant do not despite the Defendant's property.

7. The images submitted by the defendant are accompanied by a description and self-serving, deceptive narrative of Defendant's counsel.

8. In due course, the following evidence will help the Court in reaching determination as to the extent and nature of my disabilities:

   a. Medical documents

   b. Plaintiff's expert testimony

   c. Plaintiff's testimony

9. At this moment, given defendant's refusal to meet in-person or do a medical examination under Rule 35, I believe in good faith that the defendant intentionally presented a deceptive narrative to the Court with carefully selected video stills whose purpose is to secure dismissal of the complaint at the pleading stage without any sort of discovery or determination of credibility at trial.

I declare, under penalty of perjury, that the foregoing is true.

Executed on: February 6, 2020

**JOSE VELEZ**